IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRIS L. FRENCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:16-cv-613-MHT-WC |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER &
# RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Defendant's Partial Motion to Dismiss for Failure to State a Claim (Doc. 6) and Memorandum in support thereof (Doc. 6-1), and Defendant's Motion to Strike Plaintiff's Amended Complaint, or in the Alternative, Renewed Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint (Doc. 13). On July 29, 2016, the United States District Judge referred the case to the undersigned "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." Doc. 4.

On August 23, 2016, the undersigned entered an Order (Doc. 8) directing Plaintiff to show cause, on or before September 13, 2016, as to why Defendant's motion to dismiss Plaintiff's original complaint should not be granted. Plaintiff did not file a response with the court during that time. The court then entered an Order (Doc. 11) directing Plaintiff to file a status report regarding whether he intended to pursue his case. Plaintiff did not file a status report, but instead filed an "Amended Complaint and Answer to Defendant's Rule 12(B)(6) Partial Motion to Dismiss" (Doc. 12) on November 3, 2016. That filing makes

1

no argument as to why Defendant's partial motion to dismiss should not be granted, but instead, it provides the court with an amended complaint that contains minor alterations and that asserts an additional claim of retaliation, which was not part of the original complaint. *Compare, generally,* Doc. 1 *with* Doc. 12.  On November 11, 2016, Defendant filed a motion to strike Plaintiff's amended complaint as untimely, or in the alternative, to renew its Rule 12(b)(6) motion to dismiss as to Plaintiff's amended complaint.  *See* Doc. 13.  The undersigned entered an Order (Doc. 14) directing Plaintiff to show cause as to why Defendant's motion should not be granted on or before December 5, 2016.  Plaintiff did not file a response.  Defendant's motions are ripe for recommendation to the District Judge.

Before discussing the merits of Defendant's motions, the court first turns to Plaintiff's filing entitled: "Amended Complaint and Answer to Defendant's Rule 12(b)(6) Partial Motion to Dismiss" (Doc. 12).  In that filing, Plaintiff presents no argument as to why Defendant's motion to dismiss Plaintiff's original complaint should not be granted. Instead, the content of the filing is an amended complaint, which is largely the same as the original complaint.  Plaintiff's original complaint contains two claims: (1) a racial discrimination claim pursuant to Title VII, and (2) a pattern and practice claim pursuant to Title VII and 42 U.S.C. § 1981.  *See* Doc. 1 at 3.  Plaintiff's amended complaint contains the aforementioned claims, adds a claim for retaliation pursuant to Title VII, *see* Doc. 12 at 6-7, asserts the racial discrimination claim pursuant to Title VII *and* 42 U.S.C. § 1981, *see id*. at 4-5, and alleges that the pattern and practice claim is based upon Defendant's creation of a hostile work environment in addition to the previous basis of disparate

treatment, *see id*. at 6. Otherwise, Plaintiff asserts the same factual matter in both complaints, and requests the same relief.[1] *Compare* Doc. 1 at 2-3 *with* Doc. 12 at 2-4, 7. Notably, Plaintiff's proposed amended complaint is filed outside of the allotted time for amendment as a matter of course. Plaintiff did not request permission from the court to amend his complaint prior to his filing, and he did not receive written consent from Defendant as required by Federal Rule of Civil Procedure 15.

Having considered Plaintiff's filing, the undersigned construes it as a motion to amend his complaint. Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." Thus,

> [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Forman v. Davis*, 371 U.S. 178, 182 (1962); s*ee also Patel v. Georgia Dep't BHDD*, 485 F. App'x 982, 982 (11th Cir. 2012) ("Despite the rule that leave to amend should be given freely, the court may deny leave to amend on numerous grounds, including the futility of the amendment. Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal."). The Eleventh Circuit has repeatedly adopted the principle that "a pro se litigant generally must be given at least one opportunity

---

[1] With regards to requested relief, Plaintiff's amended complaint also asks the court to "allow Plaintiff additional time to properly remedy and cure all defects." Doc. 12 at 7.

to amend his complaint." *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014). While there are exceptions to this principle, as noted above, the undersigned concludes that none apply.[2]  As such, the undersigned will grant Plaintiff's motion, as construed to amend his complaint, and will proceed to examine Defendant's renewed motion to dismiss Plaintiff's amended complaint.

Defendant argues that Count Two of Plaintiff's amended complaint, which alleges a claim for "pattern and practice" under Title VII and 28 U.S.C. § 1981, should be dismissed. Doc. 6-1 at 2-4; Doc. 13-1 at 9-10. Defendant asserts that "[s]uch a claim is not recognized in the Eleventh Circuit in the context of a single-private-plaintiff case. . . ." Doc. 6-1 at 2; *see also* Doc. 13-1 at 10 ("[A]s stated above and previously in [Defendant's] Partial Motion to Dismiss [ ], Plaintiff's claim for pattern and practice is not a viable legal theory under these circumstances in the Eleventh Circuit."). The undersigned agrees.

"A plaintiff may not bring a pattern and practice claim solely on his own behalf." *Garrett v. Day and Zimmerman, NPS*, Case No.: 5:13-cv-1297-SGC, 2016 WL 4942070, at *12 (N.D. Ala. Jan. 8, 2016); *see also Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 965 (11th Cir. 2008) (holding that "[a] pattern or practice claim for [declaratory and injunctive relief against an ongoing act of intentional discrimination] may also be brought under Title VII as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(2), by one or more similarly situated employees."); *Mims v. Tenn. Valley Auth. Bd. of Dirs.*, No.

---

[2] Defendant argues that allowing amendment would be futile and would cause undue delay. Doc. 13-1 at 5-9. The undersigned disagrees, considering that one of Plaintiff's changes to his complaint adds 42 U.S.C. § 1981 as a basis of relief for his racial discrimination claim.

4

5:13-cv-672-CLS, 2014 WL 3689789, at *5 (N.D. Ala. July 22, 2014) (noting that Eleventh Circuit caselaw supports the argument that a private litigant is not permitted to maintain a pattern or practice claim unless the claim is brought and certified as a class action); *Rollins v. Ala. Cmty. Coll. Sys.*, 814 F. Supp. 2d 1250, 1316 (M.D. Ala. 2011) ("In *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955 (11th Cir. 2008), the Eleventh Circuit held that a private litigant cannot maintain a pattern or practice claim unless it is brought as a class action and the class is ultimately certified."). Here, it is clear that Plaintiff brings his claim on his own behalf, and not as a class action.[3] Accordingly, Plaintiff cannot assert a pattern or practice claim against Defendant, and Plaintiff has not provided the court with argument to the contrary. Defendant's motion to dismiss Plaintiff's pattern and practice claim is due to be granted.

Next, Defendant argues that Plaintiff's retaliation claim should be dismissed because he "has supplied no factual allegations to show that he engaged in any statutorily-protected activity, a necessary prerequisite to filing a retaliation claim." Doc. 13-1 at 9-10.

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-

---

[3] Section 707(a) of the Civil Rights Act of 1964 also empowers the Government to bring a pattern or practice claim on behalf of a class of similarly-situated employees. *Davis*, 516 F.3d 955, 964-65. Obviously, Plaintiff does not fit within that provision.

me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]"  *Twombly*, 550 U.S. at 555.  *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").  Thus, Plaintiff's complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'"  *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful.  Factual allegations that are '"merely consistent with" a defendant's liability,' however, are not facially plausible."  *Id*. (quoting *Iqbal*, 556 U.S. at 678) (internal citations omitted).

    As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers."  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  Although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'"  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Here, Plaintiff has asserted no factual matter that would suggest a Title VII retaliation claim.  In order to assert a claim for retaliation, Plaintiff must assert:

(1) that he engaged in statutorily protected activity;

(2) that he suffered a materially adverse employment action; and

(3) that there was a causal relation between the protected activity and the adverse action.

*Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008).  As to element one, a plaintiff engages in statutorily protected activities when he complains to the Equal Employment Opportunity Commission ("EEOC") or to his supervisor about *illegal discrimination*.  *Ambus v. AutoZoners, LLC*, 71 F. Supp. 1280, 1302 (M.D. Ala. 2014) (citing *Shannon v. Bellsouth Telecomms. Inc.,* 292 F.3d 712, 715 n.2 (11th Cir. 2002) (emphasis added)).

Plaintiff's pertinent factual assertions are as follows.  Plaintiff asserts that he was having a conversation with a company driver when he was approached by an African American co-worker, who became upset with Plaintiff because he believed Plaintiff and the driver were talking about him.  Doc. 12 at 2, ¶¶ 7, 8.  An altercation between Plaintiff and his co-worker ensued, and Plaintiff was injured.  *Id*. at 3, ¶¶ 9-11.  Plaintiff reported the incident to Mr. Aaron Coleman, who then reported the incident to a manager.  *Id*. at 3, ¶ 12.  Subsequently, Plaintiff and his co-worker were terminated from their employment.  *Id*. at 3, ¶ 15, 16.  After termination of his employment, Plaintiff alleges that he filed "a discrimination charge of racial discrimination with the Equal Employment Opportunity Commission."  *Id*. at 4, ¶ 21.

7

Upon review of Plaintiff's allegations, the undersigned concludes that Plaintiff has failed to allege a claim for Title VII retaliation. First, while Plaintiff alleges that he filed a complaint with the EEOC, which could be considered statutorily protected activity, Plaintiff's complaint was filed *after* Plaintiff's termination. Therefore, Plaintiff could not have "suffered a materially adverse employment action," as required by the second element of a retaliation claim, as a result of his complaint to the EEOC. Second, Plaintiff alleges that he made a report to management, which, once again, could be considered statutorily protected activity. However, there is no indication that Plaintiff's report to management regarded illegal discrimination. Instead, Plaintiff's complaint indicates that he reported the physical altercation that occurred between himself and an African American co-worker that caused injury to Plaintiff. Thus, Plaintiff did not engage in statutorily protected activity by reporting the incident to management, as required by the first element of a retaliation claim. Accordingly, Plaintiff has not alleged facts to support a Title VII retaliation claim.[4]

For the foregoing reasons, the undersigned ORDERS that Plaintiff's "Amended Complaint and Answer to Defendant's Rule 12(B)(6) Partial Motion to Dismiss" be CONSTRUED as a Motion to Amend. The undersigned ORDERS that such motion, as construed, be GRANTED.

---

[4] Although Plaintiff requests, in his amended complaint, that the court allow him "additional time to properly remedy and cure all defects," *see* Doc. 12 at 7, the undersigned does not find that allowing Plaintiff to amend his complaint for a second time would cure the defect in his retaliation claim. Therefore, such amendment would be futile, and, to the extent that Plaintiff is requesting an opportunity to amend his complaint a second time, such request is denied. Furthermore, as Plaintiff will be permitted to file objections to the findings set forth in this Recommendation, he is afforded the requisite opportunity to be heard about the deficiencies in his retaliation claim prior to any dismissal of the claim.

8

The undersigned RECOMMENDS that Defendant's Motion to Strike Plaintiff's Amended Complaint (Doc. 13) be DENIED, and that, in the alternative, Defendant's Renewed Rule 12(b)(6) Partial Motion to Dismiss Plaintiff's Amended Complaint be GRANTED (Doc. 13).  Accordingly, the undersigned RECOMMENDS that Plaintiff's pattern and practice claim (Count Two) and Plaintiff's retaliation claim (Count Three) be DISMISSED.  The undersigned RECOMMENDS that Defendant's original Motion to Dismiss for Failure to State a Claim (Doc. 6) be DENIED as MOOT.  Further, the undersigned

RECOMMENDS that this matter, with respect to Count One of the amended complaint, be referred back to the undersigned Magistrate Judge for further proceedings.

It is further ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation on or before **January 3, 2016**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  Plaintiff is

9

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Done this 19th day of December, 2016.

                                             /s/ Wallace Capel, Jr.
                                             UNITED STATES MAGISTRATE JUDGE